In the Matter of Francis S. Furey, as Police Justice of the Incorporated Village of Valley Stream, Respondent. Bar Association of Nassau County, N. Y., Inc., Petitioner.— In a proceeding pursuant to section 132 of the Code of Criminal Procedure, to remove respondent, a Police Justice, from office for cause, the petitioner moves to confirm the report of the Official Referee. The Referee found that respondent had violated canon 30 of the Canons of Judicial Ethics (adopted by the New York State Bar Association), in that, while holding his office as Police Justice, he, at the same time, engaged in a political campaign to promote his own candidacy for the nonjudicial office of Assemblyman from the Sixth Assembly District in Nassau County. The Referee recommended that for such violation the respondent be censured. With respect to a Judge, the said canon 30, insofar as relevant, reads as follows: "While holding a judicial position he should not become an active candidate either at a party primary or at a general election for any office other than a judicial office. If a judge should decide to become a candidate for any office not judicial, he should resign in order that it cannot be said that he is using the power or prestige of his judicial position to promote his own candidacy or the success of his party."

The motion to confirm the Referee's report is granted insofar as the Referee finds respondent guilty of violating said canon 30, and denied insofar as the Referee recommends that respondent be censured. The canon in effect declares unethical the conduct of a Judge who engages in a political campaign to further his candidacy for any nonjudicial office. We agree with the learned Referee that this canon is applicable to every judicial officer including a Police Justice. In any event, and irrespective of the canon, we disapprove of the practice of a Judge of any rank, who, without resigning from his judicial office, holds himself out as a candidate for a nonjudicial office and engages in a political campaign to advance his candidacy. While respondent by his conduct violated judicial ethics, nevertheless, under all the circumstances here, we do not believe that he should be censured or otherwise disciplined. It clearly appears that he acted in good faith and under an honest belief that the canon had no application to a Police Justice, and that he did not intentionally violate it. Beldock, P. J., Ughetta, Christ, Brennan and Hopkins, JJ., concur.